Inspired Development Group v. Inspired Products Group. So this P.L. presumes that we are not going to do what your side wants us to do, which is send this back to state court. So this assumes this stands and you lost on attorneys fees. Correct, Your Honor, because the district court entered a separate judgment. Once the district court decided and made the determination that this case did arise under the patent laws, and therefore found that the federal courts had subject matter jurisdiction, the district court then subsequently entered another judgment that awarded more than $200,000 in attorneys fees to the appellee. And so if you were to agree with us in the prior case that the district court lacked subject matter jurisdiction and therefore there is no judgment that we just talked about and this subsequent judgment would be vacated. So that the same result would follow there. But if you were to disagree with us in that prior appeal and you were to find that this case did in fact arise under the federal patent laws, then what the district court did on this fee judgment is apply a Florida state law statute that shifts the responsibility for attorneys fees to the losing party to a case that the district court decided arose under federal law. Okay, now I'm a little confused, but your view, I know you're in a little schizophrenic position here, but your view was that if this case, if the federal court really had jurisdiction over this, then that court should not have applied Florida state law, it should have applied the patent law to the question of attorneys fees? That's a question, is that your position? I want to know what your position is. Yes, our position is that the federal court has no jurisdiction, period. And so it had no jurisdiction in that prior case we just talked about to enter the original judgment. Yeah, but assuming you don't prevail in the former case, then what is your position on attorneys fees? Our position on attorneys fees is that the federal court should not apply and cannot apply a state law fee statute that shifts the traditional American rule about when attorneys fees should be awarded to a case that you would have decided against us arises under federal law. In preparing for argument, we found a case, and I don't think it's cited by either parties, it's the Gerr Law v. Schuyler Laboratories case. Are you familiar with that case? I don't think so. It's a 1997 case decided by this court where we looked at the choice of law between federal patent law and state contract law regarding the measure of damages for breach of settlement agreement and related attorney fees and costs. In that case, we said that because the claim for the contract breach didn't require infringement of the patent, that it was appropriate for the court to look to the state law to determine what the appropriate standard is for the award of fees. It seems to cut against you in this case. I'm not sure that this is really a question of choice of law. The appellees were awarded attorneys fees for litigating issues that, it's their position, arise under federal law. So it's their position that this case is a patent case. It presents claims that must be heard in federal court and can't be heard in state court. And they spent time litigating those issues that they say are federal questions. And then the district court applied a Florida state law statute, not a federal statute, to say that time you spent litigating all those federal claims, those federal questions, this Florida law gives you the authority to recover attorneys fees for those federal issues. The Florida law is preempted by the federal law. Let's look at a hypothetical case where the federal court asserts jurisdiction because there's the potential for there being some federal issues. But they never come to fruition. And the court decides this on summary judgment just based on the contract language itself. Why would it not be appropriate for the court in those circumstances to say, well, I had jurisdiction because there were these federal patent questions floating out in the ether, but it never came to that. So the appropriate statutory regime for evaluating attorneys fees remains in the state because this morphed really into just a state question. In that I think that would be a closer question than potentially what we have here. Again, they've taken the position that this case does involve patent issues. You just heard extensive arguments about how integral these patent issues supposedly were to this case. But then they're turning around now and saying, well, forget about how integral those patent issues were to the case. We should be able to use this. So is your position resting on how they can't make these arguments or how they're No, Your Honor. I'm simply saying that the arguments they're making, certainly I think it's a little bit of talking out of both sides of their mouth. Our position is... Sure, and I'm sure they'll have the same view of what you're doing. That's where we are. Okay. Sure, Your Honor. It's our position that the question here is really whether a state statute can usurp Congress's authority to decide under what circumstances it's appropriate for litigants who are in cases involving questions of federal law to recover their attorney's fees. I think this Florida state statute gives a particularly interesting example of why we think this is inappropriate because the claims we're talking about here are really all intertwined. This is not like a case where there's count one for patent infringement, count two for some, I don't know, breach of fiduciary duty or some typical state law tort, and you can very easily separate the two counts out. The issues here are all intertwined, so it's difficult to figure out how is this Florida state statute supposed to work here. So what's your real dispute? What's the real difference between the Florida statute and what would otherwise apply under patent rules? Is it this thing about the offer? Yes, it's a completely different standard, Your Honor. So the Florida statute has to do with this pretrial offer of judgment, so basically the appellees served a pretrial proposal to settle the case. Our side did not accept that, and this Florida law says if they then prevail in the case, essentially, I'm simplifying a little bit, then they're entitled to recover prevailing party attorney's fees. There's no judicial discretion, actually, under the Florida statute. That's a very interesting statute. Do you know how other states adopted it, or if this is unique to Florida? I'm not sure. I can tell you that it's litigated. I've seen it before, but I don't recall the context. The intention of the statute was to reduce litigation by basically saying, you know, well, if you don't settle this case, and then you down the line lose, you're gonna have to pay attorney's fees. And it's worked a little bit, although these issues get litigated all the time in Florida, because then the validity of this offer of judgment becomes at issue, and we've raised some of those concerns in our brief here. But do you agree that if your friend, if you all were to prevail on the first case, and therefore we would shift this back to state court and say no federal question, there wouldn't be any dispute on your part if things went down as they did in federal court, the award of attorney's fees under the federal statute would live, and you wouldn't have any of these arguments. We would not have these jurisdictional arguments we're making. We did raise some arguments on the merits under the Florida statute, arguments that are typically made in Florida courts dealing with these offers of judgment and whether there's entitlement to attorney's fees, but you're absolutely right. It would be limited to how this issue is ordinarily litigated, which is that it's a state court matter. Okay, well, how about we reserve your rebuttal, and we'll hear from each other. Thank you, Your Honor. It's clear that this statute 768.79 applies a substantive law to all courts within Florida, including federal courts. So the question is, what are the causes of action, and what substantive law applies to the causes of action? So the plaintiff chose to plead in federal court. So you mean if, forget any issues here, hypothetically, there's a rock-solid patent case, allegations of infringement filed under our statute, and it goes to a federal judge in Florida. The attorney's fees analysis is under this rubric of this Florida statute and not under our law? No. Where Florida substantive law applies to the cause of action, this would apply to the cause of action, because it's Florida substantive law. Because it's a contract case. If it's a contract case, or if it's an unjust enrichment claim, or if it's promissory estoppel, like all the counts that were pled by the plaintiff, then this Florida substantive law would also apply to that cause of action. So you're telling us that because this was litigated in the state of Florida, that insofar as, let's say, the contract claims were involved, even though there were patent cases and it was in the federal court, that on the contract claims, if this offer is made and so on, to settle the contract claims and refused, that the Florida attorney fee statute applies? Yes, Your Honor, because Florida substantive law would apply to those causes of action. Of course, in these... Does the Florida statute separate it for causes of action? I thought that it applied to the case. If you made an offer to settle... Well, I think what you would do is look, then, to whether there is, because there is discussion, I think they cited the Harrington case, about whether it's unconstitutional law of the American rule where the prevailing party does not collect attorney's fees. So you'd have to look, then, to the cause of action and say, in this case, you have federal issues within a patent. The cause of action is a breach of contract, an unfair contribution. Yeah, but if it's a breach of contract cause of action, then there would be no... Then, in our view, 768.79, this statute on the attorney's fees, would apply to that cause of action because Florida... But your view is that there's no federal jurisdiction. That makes it easy, as far as attorney's fees. If there's no... But the problem would arise if we don't agree with that and agree with the district court that there is federal jurisdiction. Yes, Your Honor, there is federal jurisdiction. No, your view is that there is federal jurisdiction. You just want to carve out a federal jurisdiction for purposes of attorney's fees. No, well... You say this raises a substantial question of federal patent law, right? That's why we're here, right? That's your position. Yes, it's a state law claim where federal patent issues arise under the state law claim. We have jurisdiction over all of it, except on attorney's fees. On all the other claims, we're applying our law. No, well, on the breach of contract claims, you would apply Florida law and federal law if there's patent issues in those claims. Same with the unjust enrichment. You apply... And that's why the summary judgment, the ruling was on Florida... law to rule on the summary judgment. But if we got to the patent issues at trial, if the court hadn't granted summary judgment, then Florida substantive law still applies to those causes of action. If there was a federal... Let's just finish what you were going to say. If we got to all these patent issues and attorney's fees were run up litigating federal patent issues, you say notwithstanding that, because the cover of this was under a breach of contract, that we don't apply the pages and pages of authority we have on when attorney's fees would be appropriate. That's all dislodged. And we go to the state court. Yes, I believe because it's a state court cause of action, you'd look at the cause of action as pled in a complaint and apply Florida substantive law. If there's a... Under the first prong in Christensen where it is basically a patent infringement claim within it, then I think you'd have a problem if there was a direct patent infringement cause of action, because then you would have to look as to whether 285 for attorney's fees to the prevailing party in the patent law conflicts with the state law, with the application of the state law. And if it doesn't conflict, then you could probably apply it. If it does conflict, then you would say no. And there are some cases that discuss that where there is a full statute, a federal statute where they're applying federal law to that cause of action. And then you have to look to determine what does that cause of action say. But then you'd be involved, I think, in that issue. Because we don't have that here, we have a state law claim which applies Florida state law and also has patent issues. State... Florida state law applies to that cause of action and therefore... Anything else? The statute applies. Thank you. I know we've been talking about this case for a while, so I'll just make three quick points unless the panel has additional questions. Chief Judge Prost, there are very different standards that apply under the federal law and this Florida law. So there's pages and pages of case law from this court about when attorney's fees are proper, and there's pages and pages in the Southern Reporter of Florida case law about when this Florida law is proper. And those are two very different standards that apply. And Judge Newman, the Florida statute about attorney's fees does apply to the whole case. It's not a question about splitting claims out here or there. There's no ability to make a... That's what I thought, but that's the dilemma, isn't it? Well, there's no... Right. So it means that the appellee is recovering attorney's fees then for litigating federal issues. And Congress has already decided when it's appropriate for a litigant to recover attorney's fees for litigating federal issues. And those standards, as you just mentioned, are in conflict. And so the federal standard preempts that Florida standard. And then finally, the last point I'll just make is to the extent that they're right that this can be parsed and split apart based on some issues being state and some issues being federal, the district court clearly made no effort to do that here. The district court just granted their fee motion outright. And so clearly encompassed within this judgment for attorney's fees that they've been awarded are all these federal supposed patent issues that they've been talking about. So at a minimum... This is hypothetical. If you were to prevail on your first case and we go back to state court, there's no dispute whatsoever on your side, right, that the attorney's fee statutes of Florida would apply? Right. The attorney's fee statute of Florida absolutely would apply in a Florida state court. Yes. Thank you. We thank both sides. The case is submitted. That concludes our proceeding for this morning. All rise.